UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NGHIA NGUYEN,

          Plaintiff,

   v.

NANCY FERNELIUS, et al.,

          Defendant.

CASE NO. 3:23-CV-5102-TL-DWC

ORDER DENYING MOTION FOR COUNSEL

This matter has been referred to Magistrate Judge David W. Christel. Before the Court is Plaintiff's motion to appoint counsel. Dkt. 10.  For the reasons discussed below, the Court denies Plaintiff's motion without prejudice.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). In "exceptional circumstances," a district court may request counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. §

1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test. *Rand*, 113 F.3d at 1525.

Here, Plaintiff contends he is unable to afford counsel and he lacks the legal knowledge and skills to conduct research and investigation. Dkt. 10 at 1. Plaintiff also asserts he is not native-born and has "great difficulty with the English language." *Id*.

Plaintiff has not established this case presents the extraordinary circumstances required to support a request for counsel. This case does not present complex facts or law. Moreover, Plaintiff's inability to pay for counsel and lack of legal knowledge are experienced by most *pro se* litigants and do not render this case extraordinary. Finally, although Plaintiff asserts he experiences difficulties with the English language, the record to date does not establish his challenges have prevented him from being able to grasp the legal issues involved or to articulate the factual basis of his claims. Instead, Plaintiff has presented a complaint that was sufficient to pass this Court's screening, and he was also able to understand—and to respond to—the Court's recent order to correct a deficiency in his motion for counsel. *See* Dkts. 6, 7, 8, 10.

ORDER DENYING MOTION FOR COUNSEL - 2

This case does not, at this time, present the extraordinary circumstances required for the appointment of counsel. *See Wilborn*, 789 F.2d at 1331. The Court therefore DENIES plaintiff's motion for appointment of counsel (Dkt. 10) without prejudice.

Dated this 17th day of May, 2023.

*[signature]*

David W. Christel
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3