UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NGHIA NGUYEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY FERNELIUS, et al.,<br><br>　　　　　Defendants. | CASE NO. 3:23-CV-5102-TL-DWC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter has been referred to Magistrate Judge David W. Christel. Before the Court is Plaintiff's motion for reconsideration the Court's order denying his motion for court-appointed counsel. Dkt. 21.

Appointment of counsel is available only in "exceptional circumstances," where plaintiff shows a likelihood of success on the merits and an inability to articulate his claims in light of the complexity of the legal issues involved. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). On May 17, 2023, the Court denied Plaintiff's request for counsel because Plaintiff did not show this case involves extraordinary circumstances, complex facts or

law, or an inability to articulate the factual basis of his claims in a fashion understandable to the Court, notwithstanding Plaintiff's assertion he had "great difficulty" with the English language. Dkt. 19 at 2.

Plaintiff seeks reconsideration, contending he speaks only "passable" English and lacks knowledge of legal issues, and therefore has required the assistance of his fellow inmates to prepare his legal documents. Dkt. 21.

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence. Plaintiff has not met the standard outlined in Local Civil Rule 7(h). Plaintiff fails to show a manifest error in the Court's prior ruling.

Plaintiff also fails to provide new facts or legal authority which could not have been presented earlier or to show this case presents an "exceptional circumstance" requiring the appointment of counsel. Indeed, other courts within the Ninth Circuit have declined to appoint counsel under similar circumstances. *See Nguyen v. Bartos*, No. 2:10-CV-1461 WBS KJN, 2012 WL 3589797, at *1–2 (E.D. Cal. Aug. 20, 2012) (denying motion for counsel notwithstanding plaintiff's allegations of limited understanding of English, inability to read and write English and lack of understanding of the law, because "the court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action."); *Montano v. Solomon*, No. 2:07-CV-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) (denying request for counsel based upon plaintiff's indigence and inability to read and write English requiring him to rely on other inmates to prepare his briefs, because

"neither indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case.").

As the Court previously found, plaintiff has successfully articulated his claims, and this case does not present extraordinary complexity or circumstances that set it apart from any other case brought by an incarcerated plaintiff with limited English language skills. As the motion for reconsideration does not meet the standard outlined in Local Civil Rule 7(h) or show appointment of counsel is appropriate at this time, Plaintiff's motion (Dkt. 21) is DENIED.

Dated this 6th day of June, 2023.

_____
David W. Christel
Chief United States Magistrate Judge