UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NGHIA NGUYEN,

          Plaintiff,

   v.

NANCY FERNELIUS, et al.,

          Defendant.

CASE NO. 3:23-CV-5102-TL-DWC

ORDER DENYING MOTION TO AMEND

    The District Court referred this action to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff's motion for leave to amend the complaint and to reset the discovery schedule. Dkt. 23. Defendants have not responded.

    Because Plaintiff has not filed a proposed Amended Complaint with his motion, the Court denies the motion without prejudice, meaning that Plaintiff can file a new motion with a complete proposed Amended Complaint as described below.

ORDER DENYING MOTION TO AMEND - 1

Plaintiff's motion seeks to amend the Complaint to make additional claims, to add defendants and to drop some defendants. Dkt. 23 at 1. Motions to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides as follows:

(1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Here, the Court directed service of Plaintiff's originally-filed Complaint on March 14, 2023 and Defendants filed their Answer on May 12, 2023. Dkt. 18. Plaintiff's motion to amend was filed on June 29, 2023—more than 21 days after Defendants filed their Answer. Dkt. 23. Thus, Plaintiff cannot amend pursuant to Rule 15(a)(1) and must have the Court's leave to amend the Second Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Under Local Civil Rule 15, "[a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulated motion and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation." Plaintiff's motion seeks to add legal claims and new defendants to this action, but an amended pleading must operate as a

complete substitute for the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *Marx v. Loral Corp.*, 87 F.3d 1049, 1055-56 (9th Cir. 1996) (quoting *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987)).

Here, Plaintiff did not attach a proposed Amended Complaint. *See* Dkt. 23. As such, Plaintiff has not complied with the Local Rules. Furthermore, without the proposed Amended Complaint, the Court is unable to consider whether leave to amend should be given in light of the four factors described above. Therefore, Plaintiff's motion to amend (Dkt. 23) is **DENIED** without prejudice. If Plaintiff wishes to amend his Complaint, he may re-file a motion to amend with an attached proposed complaint.

Plaintiff also seeks an extension of the deadlines in the Court's Pretrial Scheduling Order (Dkt. 20) to accommodate his anticipated new claims and defendants. Dkt. 23 at 4. While an adjustment of the case schedule in this matter may be appropriate if Plaintiff is permitted to amend his Complaint, it is premature at this time. Plaintiff's request for an extension is therefore **DENIED** without prejudice.

Dated this 18th day of July, 2023.

David W. Christel
Chief United States Magistrate Judge