UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NGHIA NGUYEN,

                    Plaintiff,

        v.

NANCY FERNELIUS, et al.,

                    Defendant.

CASE NO. 3:23-CV-5102-TMC-DWC

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO AMEND
AND STRIKING CASE DEADLINES

    The District Court referred this action to United States Magistrate Judge David W.

Christel. Before the Court are Plaintiff's motion to amend his Complaint (Dkt. 25) and

Defendants' motion to amend the scheduling order in this case (Dkt. 28).

## I.    BACKGROUND

    Plaintiff, a prisoner currently confined at Stafford Creek Corrections Center ("SCCC")

who is proceeding *pro se* and *in forma pauperis*, initiated this action under 42 U.S.C. § 1983 on

February 7, 2023. Dkt. 1. Plaintiff contends Defendants' course of treatment of his shoulder

injury was deliberately indifferent to his serious medical needs, in violation of his Eighth

Amendment rights. Dkt. 6. Plaintiff's original Complaint asserted claims against Nancy

Fernelius (SCCC's Acting Director of Nursing), Shane L. Evans, (SCC Health Service

Manager), Theresa Johnson[1] (SCCC Health Service Manager) and Jeanne M. Bourdrieau, ARNP (primary care provider) (collectively, the "originally-named Defendants"). Dkt. 6 at ¶¶ 3.1–3.3. The originally-named Defendants filed an Answer on May 12, 2023. Dkt. 18. After the Answer was filed, the Court entered a Case Scheduling Order setting deadlines for the completion of discovery and filing of dispositive motions on, respectively, September 18, 2023 and October 18, 2023. Dkt. 20.

On June 29, 2023, Plaintiff filed a motion to amend his complaint. Dkt. 23. On July 18, 2023, the Court denied Plaintiff's motion without prejudice because the motion failed to include a proposed amended complaint, as required by the Court's Local Rules. Dkt. 24. The Court instructed Plaintiff that if he wished to amend his complaint, he could re-file his motion with an attached proposed amended complaint. *Id*.

On August 16, 2023, Plaintiff filed a second motion to amend, which attaches his proposed First Amended Complaint ("FAC"). Dkt. 25. The proposed FAC seeks to add new named and "John Doe" Defendants, and removes some or all of the originally-named Defendants. Dkt. 25-1. Plaintiff's motion also seeks to extend the case deadlines, in particular the deadline for completing discovery. Dkt. 25 at 4–5. Defendants Johnson and Bourdrieau ("Objecting Defendants") have responded (Dkt. 26) and Plaintiff has replied (Dkt. 27).

On September 21, 2023, the originally-named Defendants filed a motion seeking an extension of the case deadlines in light of logistical difficulties they were experiencing in completing discovery. Dkt. 28. Plaintiff filed an opposition to the motion, asserting discovery

---

[1] The original Complaint identifies Defendant Johnson only as "Health Services Manager Ms. Johnson." Defendant Johnson identified herself as Theresa Johnson, with the job title "HSM1," in her Waiver of Service. Dkt. 17.

ORDER GRANTING IN PART PLAINTIFF'S MOTION
TO AMEND AND STRIKING CASE DEADLINES - 2

1   should not be extended unless he is permitted to amend his complaint. Dkt. 30. The originally-

2   named Defendants have replied. Dkt. 32.

3          The Court has entered a Minute Order staying the case deadlines pending its resolution of

4   the parties' motions. Dkt. 34.[2]

5                       **II.   DISCUSSION**

6   **A.   Plaintiff's Motion to Amend (Dkt. 25)**

7          Plaintiff seeks to amend his Complaint, (a) to remove some or all originally-named

8   Defendants whom Plaintiff no longer believes are liable for his damages, (b) to add new

9   Defendants Plaintiff asserts are responsible for the alleged violations, and (c) to provide

10  additional factual allegations. Dkt. 25. Specifically, the proposed FAC removes Defendants

11  Fernelius, Evans and Bourdrieau as named Defendants; it adds Todd Coleman (Health Services

12  Resolution Specialist) and Scott Light (SCCC primary care provider) as named Defendants, and

13  also seeks to add 18 "John Does" as new Defendants (one of whom appears to be originally-

14  named Defendant Bourdrieau). *See* Dkt. 25-1 at 2–4, 5. It is unclear whether Plaintiff intends to

15  retain his claims against originally-named Defendant Theresa Johnson: while the proposed FAC

16  names her as a Defendant (Dkt. 25-1 at 1, 2–3), Plaintiff's motion papers state she is "not named

17  in the amended complaint" and would suffer no prejudice by the amendment because she is "no

18  longer [a] defendant[ ]." Dkt. 27 at 1–2, 4.

19         Objecting Defendants Johnson and Boudrieau oppose Plaintiff's motion, arguing Plaintiff

20  unduly delayed his request to amend, and asserting the addition of new Defendants—and

21  particularly 18 "John Doe" Defendants—would be both futile and prejudicial. Dkt. 26.

22

23  _____

   [2] Plaintiff  has inquired whether there was a written document connected to this Order. Dkt. 35. The Court issued

24  only a Minute Order—which is solely a docket entry without any associated written document.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) ***Amending as a Matter of Course***
A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) ***Other Amendments***
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

The originally-named Defendants filed their Answer on May 12, 2023. Dkt. 18. Thus, the time has expired for filing an amendment as a matter of course and Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, the objecting Defendants have opposed Plaintiff's motion to amend. *See* Dkt. 26. Accordingly, to amend the Complaint, Plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 464 F.3d 946, 951 (9th Cir. 2006) (quoting *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). The objecting Defendants do not contend Plaintiff's motion is brought in bad faith. The Court addresses the remaining factors below.

1. <u>Undue Delay</u>

The objecting Defendants assert Plaintiff has unduly delayed in seeking to amend his Complaint because he had access to his medical records prior to initiating this action. Dkt. 26 at

1    4–5. Plaintiff contends he has brought his motion to amend within a reasonable time after filing

2    his original Complaint. Dkt. 27 at 4.

3           Plaintiff first sought to amend his Complaint on June 29, 2023—less than two months

4    after the originally-named Defendants filed their Answer. Dkt. 23. The Court denied the motion

5    without prejudice, explaining that a proposed Amended Complaint must accompany a request for

6    leave to amend. Dkt. 24. Within one month of receiving this instruction, Plaintiff filed the instant

7    motion and his proposed FAC. Dkt. 25. Plaintiff is proceeding *pro se* and asserts he has

8    difficulty understanding the English language. In light of these circumstances, the Court finds

9    Plaintiff did not unduly delay in seeking to amend his Complaint.

10          2.   <u>Futility</u>

11          The objecting Defendants assert Plaintiff's proposed amendments would be futile

12   because they do not adequately allege the personal participation of the newly added Defendants

13   in the violation of Plaintiff's constitutional rights. Dkt. 26 at 2–4. Plaintiff responds that he has

14   adequately alleged the personal participation of "at least the named Defendants" in the FAC.

15   Dkt. 27 at 2.

16          The Court must liberally construe the pleadings of a *pro se* litigant. *Eldridge v. Block*,

17   832 F.2d 1132, 1137 (9th Cir. 1987). A proposed amended complaint is futile when "no set of

18   facts can be proved under the amendment to the pleadings that would constitute a valid and

19   sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3 646, 656 (9th Cir. 2017)

20   (citation and internal quotation marks omitted). In order to state a Section 1983 claim, Plaintiff

21   must allege facts demonstrating the personal participation of each Defendant in the alleged

22   violations. S*ee Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (plaintiff must show

23   defendant personally participated in deprivation of rights). Moreover, to state an Eighth

24

ORDER GRANTING IN PART PLAINTIFF'S MOTION
TO AMEND AND STRIKING CASE DEADLINES - 5

1    Amendment claim arising out of the failure to provide adequate medical care, Plaintiff must

2    allege facts showing Defendants acted with deliberate indifference to his serious medical needs,

3    in that they knew of, and disregarded, an excessive risk to the plaintiff's health. *Farmer v.*

4    *Brennan*, 511 U.S. 825, 837 (1994).

5           Liberally construing Plaintiff's proposed FAC, the Court finds Plaintiff's allegations as to

6    the newly named Defendants (Defendants Coleman and Light) are not futile. Plaintiff alleges the

7    personal participation of both Defendants in the course of the treatment of his shoulder injury

8    and asserts that both knew of, but were deliberately indifferent to, his medical needs. Dkt. 25-1 at

9    22, 24. Taken as true, these allegations are sufficient—at the pleading stage—to state an Eighth

10   Amendment claim.

11          However, Plaintiff has not adequately stated facts supporting the personal participation of

12   the unnamed "John Doe" Defendants. He states only that these individuals, collectively, received

13   health services "kites" or grievances regarding his medical care. Dkt. 25-1 at ¶¶ 16–18. Plaintiff

14   alleges no facts establishing that any specific individual knew of, and was deliberately indifferent

15   to, a specific serious medical need—let alone that any of them had authority to take any action.[3]

16          The Court therefore finds the proposed FAC is not futile with respect to its addition of

17   claims against newly named Defendants Coleman and Light. However, the proposed claims

18   against the "John Doe" Defendants fail to establish a cognizable claim.

19          3.   Prejudice

20          Finally, the objecting Defendants contend they would be prejudiced by the addition of

21   multiple new Defendants, which would require additional discovery and delay. Dkt. 26 at 4.

22

23   [3] Moreover, the use of "John Doe" or "Jane Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629
     F.2d 637, 642 (9th Cir. 1980). The use of Doe defendants is problematic because those persons cannot be served
24   with process until they are identified by their real names.

ORDER GRANTING IN PART PLAINTIFF'S MOTION
TO AMEND AND STRIKING CASE DEADLINES - 6

1   Plaintiff responds that the objecting Defendants would not be prejudiced because they are "not

2   named in the amended complaint." Dkt. 27 at 2. However, the Court notes some ambiguity on

3   this point, as the FAC continues to name Defendant Johnson as a Defendant. *See* Dkt 25-1 at ¶ 7.

4       Prejudice to the opposing party may typically found where the amended complaint has

5   been unduly delayed, such that an amendment would require reopening discovery. *See, e.g.*,

6   *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 985-86 (9th Cir. 1999).

7       Here, the Court has determined above that Plaintiff did not unduly delay in seeking to

8   amend. Moreover, the originally-named Defendants have themselves sought to re-open discovery

9   due to complications in completing their discovery from Plaintiff. Dkt. 28. Finally, as the Court

10  has determined Plaintiff's addition of the multiple "John Doe" Defendants would be futile,

11  granting Plaintiff's motion to amend would result in the addition of only two additional

12  Defendants.

13      Under these circumstances, the Court finds that the amendment of the Complaint would

14  not unduly prejudice the objecting Defendants.

15      In sum, the Court finds Plaintiff's motion to amend should be GRANTED IN PART and

16  DENIED IN PART. Plaintiff may file an amended complaint to include Defendants Coleman

17  and Light, but may not add the proposed "John Doe" Defendants. Because it is not clear whether

18  Plaintiff intends to retain Theresa Johnson as a Defendant, the Court requires Plaintiff to re-file

19  his Proposed Amended Complaint naming all of the Defendants (excluding those identified as

20  "John Does") he intends to include as Defendants in this case.

21      In light of the addition of new Defendants and the need for additional discovery, the

22  Court STRIKES the case deadlines in its previous Pretrial Scheduling Order (Dkt. 20) and will

23  issue a new scheduling order after Defendants have filed an Answer.

24

ORDER GRANTING IN PART PLAINTIFF'S MOTION
TO AMEND AND STRIKING CASE DEADLINES - 7

1   **B.      Defendants' Motion to Extend the Case Schedule (Dkt. 28)**

2          In light of the Court's decision to grant in part Plaintiff's motion to amend, and to strike

3   the existing case deadlines, the Court DENIES Defendant's motion to extend case deadlines as

4   moot.

5                              **III.   CONCLUSION**

6          For the reasons discussed above, the Court **ORDERS** as follows:

7          1.   Plaintiff's motion to amend his Complaint (Dkt. 25) is GRANTED IN PART and

8               DENIED IN PART without prejudice. Plaintiff may file a proposed amended

9               complaint to include newly named Defendants Todd Coleman and Scott Light.

10              Plaintiff's request to add Defendants John Doe 1-18 is DENIED without

11              prejudice.

12         2.   Because Plaintiff has made apparently conflicting statements as to the status of

13              original Defendant Theresa Johnson, the Court declines to file the proposed FAC

14              (Dkt. 25-1) as the operative complaint. Instead, Plaintiff shall file a proposed

15              amended complaint, naming all of the Defendants against whom he intends to

16              bring claims (except John Does 1-18), on or before **December 1, 2023**. After

17              screening the proposed amended complaint, the Court will enter an order directing

18              service on the newly named Defendants.

19         3.   In light of the addition of new Defendants, the Court STRIKES the existing

20              deadlines set forth in the Case Scheduling Order.

21

22   //

23   //

24

ORDER GRANTING IN PART PLAINTIFF'S MOTION
TO AMEND AND STRIKING CASE DEADLINES - 8

1     4.   The originally-named Defendants' motion to amend the case scheduling order

2          (Dkt. 28) is DENIED as moot.

3    Dated this 30th day of October, 2023.

4

5                               David W. Christel

6                               Chief United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART PLAINTIFF'S MOTION
TO AMEND AND STRIKING CASE DEADLINES - 9