UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NGHIA NGUYEN,

                Plaintiff,

    v.

NANCY FERNELIUS, et al.,

                Defendants.

CASE NO. 3:23-CV-5102-TMC-DWC

REPORT AND RECOMMENDATION

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff Nghia Nguyen, proceeding *pro se* and *in forma pauperis*, is a state prisoner currently confined at Stafford Creek Corrections Center ("SCCC"). *See* Dkt. 5. This matter is before the Court at the present time for screening of Plaintiff's second amended complaint (Dkt. 37). Plaintiff asserts in his second amended complaint that Defendants have violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. *See* Dkt. 37. He also claims that Defendants are liable for negligence under Washington law. *Id.* Plaintiff identifies the following Defendants in his amended pleading: Todd Coleman, Health Services Resolution Specialist at SCCC; Theresa

REPORT AND RECOMMENDATION - 1

Johnson, Health Services Manager at SCCC; Scott Light, a primary care provider at SCCC; and the Washington State Department of Corrections ("DOC"). *Id.* at 2–3.

The Court, having reviewed and screened Plaintiff's second amended complaint under 28 U.S.C. § 1915A, recommends that Plaintiff's claims against DOC be dismissed for failure to state a claim upon which relief may be granted. The Court concludes that Plaintiff's claims against Defendants Coleman, Johnson, and Light are sufficient to pass screening, and this Court therefore recommends that Plaintiff be permitted to proceed on his claims against those Defendants.

## I.   Background

Plaintiff initiated this action on February 7, 2023. Dkt. 1. Plaintiff's original complaint asserted claims against Nancy Fernelius, SCCC's Acting Director of Nursing; Shane L. Evans, SCCC Health Service Manager; Theresa Johnson, SCCC Health Service Manager; and Jeanne M. Bourdrieau, ARNP, a primary care provider. Dkt. 6. Plaintiff alleged that Defendants violated his Eighth Amendment rights by providing him with inadequate medical care. *Id.* Defendants filed an Answer on May 12, 2023. Dkt. 18.

On June 29, 2023, Plaintiff filed a motion to amend his complaint to "drop[ ] some defendants and claims and add[ ] others that are more properly named in this case." Dkt. 23. The Court denied Plaintiff's motion without prejudice because the motion failed to include a proposed amended complaint, as required by the Court's Local Rules. Dkt. 24. The Court instructed Plaintiff that if he wished to amend his complaint, he could re-file his motion with an attached proposed amended complaint. *Id.*

On August 16, 2023, Plaintiff filed a second motion to amend, which attached his proposed first amended complaint. Dkt. 25. The proposed first amended complaint sought to add

REPORT AND RECOMMENDATION - 2

1   new named and "John Doe" Defendants and removed some of the original named Defendants.

2   Dkt. 25-1. The Court granted the motion in part and denied it in part. Dkt. 36. The Court allowed

3   Plaintiff to file an amended complaint to include the named Defendants but did not allow him to

4   add the proposed "John Doe" Defendants. *Id.* The Court directed Plaintiff to re-file his proposed

5   amended complaint naming all Defendants he intended to include in this case to clarify whether

6   he intended to retain Theresa Johnson as a Defendant. *Id.*

7   On November 16, 2023, Plaintiff filed a second amended complaint naming Defendants

8   Coleman, Johnson, Light, and DOC. Dkt. 37. Plaintiff alleges these Defendants showed

9   deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth

10  Amendments. *Id.* He also includes a state law tort claim for negligence against all Defendants.

11  *Id.* Defense counsel has filed a notice of appearance on behalf of the additional Defendants, and

12  Defendants have filed an answer to the second amended complaint. Dkts. 38, 39.

13  **II.     Discussion**

14  Under the Prison Litigation Reform Act of 1995, the Court is required to screen

15  complaints brought by prisoners seeking relief against a governmental entity or officer or

16  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

17  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

18  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

19  who is immune from such relief." *Id.* § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2); *Barren v.*

20  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

21  The Court concludes that Plaintiff's complaint alleges sufficient facts to allow his claims

22  against Defendants Coleman, Johnson, and Light to pass the Court's screening. However, the

23

24

Court recommends that Plaintiff's federal and state claims against DOC be dismissed for the reasons below.

Plaintiff's § 1983 claim against DOC should be dismissed because DOC is not a proper Defendant. The Eleventh Amendment bars federal actions against a state brought by its own citizens. *See* U.S. Const. Amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). A state agency, like DOC, is considered an arm of the state and is similarly immune from suit in federal court. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) ("Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court."). The State of Washington has not waived its Eleventh Amendment immunity for suits like the one presented here. *See Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982). Further, the United States Supreme Court has made clear that an entity with Eleventh Amendment immunity is not a "person" subject to suit under § 1983. *See Howlett*, 496 U.S. at 365.

Plaintiff's state law tort claim for negligence against DOC should also be dismissed. In Washington, a litigant must file a standard tort claim notice with the State before the litigant can proceed with a lawsuit against a State governmental entity. Wash. Rev. Code §§ 4.92.100, .110. Compliance with these claim-filing requirements is a mandatory condition precedent to suit against the State, state agencies, and state employees. *Levy v. State*, 91 Wash. App. 934, 942 (1998). Failure to comply with the statutory notice filing provisions deprives the court of subject matter jurisdiction. *Schoonover v. State*, 116 Wash. App. 171, 177 (2003).

Plaintiff's second amended complaint does not indicate that he filed a tort claim notice with the State, as required by Washington law. *See* Dkt. 37. Because Plaintiff has not met his burden of establishing the condition precedent to this Court's jurisdiction over his tort claim

against DOC, the claim should be dismissed. *See Hust v. Wyoming*, 372 F. App'x 708, 710 (9th Cir. 2010) (affirming the dismissal of tort claims against the states of Wyoming and Washington when Plaintiff's complaint "[did] not even allege, much less prove, that she complied" with statutory claim-filing requirements).

### III.     Conclusion

Based on the foregoing, this Court recommends that Plaintiff's claims against DOC be dismissed under 28 U.S.C. § 1915A(b) based on Plaintiff's failure to state any claims against DOC upon which relief may be granted. The Court further recommends that Plaintiff be permitted to proceed on his federal and state claims against Defendants Coleman, Johnson, and Light.[1] A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 12, 2024**.

Dated this 18th day of December, 2023.

David W. Christel
Chief United States Magistrate Judge

---

[1] The Court notes that, because the second amended complaint does not name Nancy Fernelius, Shane L. Evans, and Jeanne M. Bourdrieau as Defendants, they are no longer parties to this action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]n amended pleading supersedes the original pleading.").