UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NGHIA NGUYEN,

    Plaintiff,

v.

NANCY FERNELIUS, et al.,

    Defendants.

CASE NO. 3:23-CV-5102-TMC-DWC

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Nghia Nguyen is proceeding with this action *pro se* and *in forma pauperis*. *See* Dkt. 5. Plaintiff is currently incarcerated at the Stafford Creek Corrections Center and is subject to the Court's Prisoner E-Filing Initiative pursuant to General Order 06-16.

On October 30, 2023, the Court granted Plaintiff leave to amend his complaint. Dkt. 36. Plaintiff filed a proposed second amended complaint on November 16, 2023. Dkt. 37. The Court screened the proposed amended complaint and issued a Report and Recommendation to the District Judge. Dkt. 40. On January 16, 2024, the Honorable Tiffany M. Cartwright adopted the recommendation to dismiss Plaintiff's claims against Defendant Washington State Department of Corrections and permitted Plaintiff to proceed on his claims against Defendants Todd Coleman,

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 1

Theresa Johnson, and Scott Light. Dkt. 41. She also directed the undersigned to order service upon those defendants. *Id.* Accordingly, the Court **ORDERS** as follows:

(1)     Service by Clerk

The Clerk is directed to send the following to Defendants (1) Todd Coleman, (2) Theresa Johnson, and (3) Scott Light, by e- mail: a copy of the second amended complaint (Dkt. 37), a copy of this Order, a copy of the notice of lawsuit and request for waiver of service of summons and a waiver of service of summons.

(2)     Response Required

Defendants shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint and may be required to pay the full costs of such service pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.

(3)     Filing and Service by Parties, Generally

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel should consult the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right-hand corner the name of the United States Magistrate Judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter. Plaintiffs

subject to the Court's E-Filing Initiative shall indicate the date the document is submitted for e-filing as the date of service.

(4) <u>Non-State Defendants</u>

As a registered user of the Court's electronic filing system, you must accept electronic service of all court filings (**except** original service of a complaint) by prisoner litigants housed at facilities actively engaged in the Prisoner E-Filing Initiative. Prisoner litigants incarcerated at facilities actively engaged in the Prisoner E-Filing Initiative are no longer required to serve their court filings on the Court or Defendants by mail. Service by mail of your court filings to prison litigants housed in facilities actively engaged in the Prisoner E-Filing Initiative is also no longer required.

(5) <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the Clerk to enter default, and motions for the Court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 3

1  following filing and service of the motion. *Id*.

2  For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-
3  dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday
4  immediately preceding the date designated for consideration of the motion.

5  The party making the motion may electronically file and serve not later than 11:59 p.m.
6  on the date designated for consideration of the motion, a reply to the opposing party's briefs and
7  affidavits.

8  (6)   Motions to Dismiss and Motions for Summary Judgment

9  Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil
10 Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil
11 Procedure should acquaint themselves with those rules. As noted above, these motions shall be
12 noted for consideration no earlier than the fourth Friday following filing and service of the
13 motion.

14 Defendants filing motions to dismiss or motions for summary judgment are advised that
15 they **must** serve *Rand* and *Wyatt* notices concurrently with motions to dismiss and motions for
16 summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of
17 what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941
18 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

19  A motion for summary judgment under Rule 56 of the Federal Rules of
    Civil Procedure will, if granted, end your case.
20
    Rule 56 tells you what you must do in order to oppose a motion for summary
21  judgment. Generally, summary judgment must be granted when there is no
    genuine issue of material fact—that is, if there is no real dispute about any
22  fact that would affect the result of your case, the party who asked for
    summary judgment is entitled to judgment as a matter of law, which will
23  end your case. When a party you are suing makes a motion for summary

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 4

judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to dismiss for failure to exhaust administrative remedies).

Defendants who fail to file and serve the required *Rand* and *Wyatt* notices on Plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(7)   <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge regarding this case. All relevant information and papers are to be directed to the Clerk.

(8)   The Clerk is directed to send copies of this Order and of the Court's *pro se* instruction sheet to Plaintiff. The Clerk is further directed to send a copy of this Order and a courtesy copy of the complaint to the Washington State Attorney General's Office by e-mail.

Dated this 18th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT - 5